STELLA D. BROWN, formerly STELLA D. GUTER, complainant-respondent,

*v.*

FIDELITY UNION TRUST COMPANY, as executor and trustee under the last will and testament of Julius M. Guter, deceased, et al., defendant-appellant.

[Argued October term, 1940. Decided April 25th, 1941.]

*Messrs. Hood, Lafferty & Campbell,* for the appellant.

*Mr. Aquila N. Venino,* for the respondent.

*Mr. Irving Huparl,* guardian *ad litem* for the defendant John Duff Brown, an infant.

The opinion of the court was delivered by

BODINE, J.

The complainant filed a bill in Chancery to obtain an accounting in an estate matter. The complainant's infant son by his guardian *ad litem,* being the remainderman in the estate, joined in the litigation. A motion to dismiss the bill was denied, and this court affirmed that decision. *Brown* v. *Fidelity Union Trust Co., 128 N. J. Eq. 197.*

The present appeal is from an order of July 9th, 1940, striking certain portions of the defendant's answer.

Julius M. Guter, the complainant's husband, by his last will and testament, which was duly probated, named the complainant and the defendant his executors. By the will he created a trust fund of $20,000 naming the defendant as trustee with instructions to pay the income therefrom monthly to his mother for life, and at her death to turn over the principal to his residuary estate. All the residue of his estate was given to the defendant as trustee to invest and pay the income therefrom to his wife for life for her maintenance and that of his two infant sons, and upon her death to pay one-half thereof to each of his sons. One of the sons predeceased his father.

The bill of complaint pleads two causes of action: the first, improper investment of the trust funds for which it is sought to surcharge the defendant; secondly, because of partial intestacy by reason of the death of one of the sons in the lifetime of the testator a construction of the will is sought. The counter-claim filed on behalf of the infant son raises the same two causes of action and adds thereto an action against the complainant by reason of her participation in the misman-agement of the estate as an executrix. The trust company filed an answer and an answer in lieu of plea as executor and trustee. Similar answering pleading was filed to the infant's counter-claim. There are, therefore, four sets of pleadings

all raising the same points in behalf of the trust company, in spite of all the efforts to simplify the presentment of issues for the determination of the Chancellor.

The answer in lieu of plea presents more elaborately the same matters which were presented to the Court of Chancery on the motion to strike the bill of complaint. The issue presented is that, since the complainant had instituted a proceeding for an accounting in the Orphans Court, no proceeding for the same cause could be brought in the Court of Chancery. It is argued that it is vexatious to be called to account in both courts, and that the complainant in Chancery has not pressed the argument of her exceptions in the Orphans Court. It was clearly pointed out in *Brown* v. *Fidelity Union Trust Co., supra,* that the will could not be construed by the Orphans Court because the estate was not ripe for distribution and that the Orphans Court was powerless to terminate the trust, and that these circumstances entitled the complainant to proceed with her bill in the Court of Chancery. This court pointed out that the denial of the motion to dismiss the bill was well within the discretion of the Court of Chancery. Certainly the striking of the defendant's pleadings designed to raise the same issues adversely determined on the motion to strike the bill was entirely proper.

The defendant complains that paragraph ten of its answer was struck. Paragraph ten is as follows: "The complainant Stella D. Brown, formerly Stella D. Guter, was the natural guardian of the person and the property of the counter-claimant John Duff Brown and testamentary trustee for said counter-claimant, and as such natural guardian and testamentary trustee, said Stella D. Brown was fully informed by this defendant as to the character and type of investments made and retained as well as all changes of investments and the course of the administration of the estate. Said Stella D. Brown as such natural guardian and testamentary trustee had full knowledge of the nature and character of the investments, the retention and changes of such investments, the receipt and distribution of both income and principal, and the course of the administration, and with full knowledge of her rights in the premises as such natural guardian and testa-

mentary trustee, she participated in the administration, and as such natural guardian and testamentary trustee consented, approved and acquiesced in the making of investments, the change of investments, the retention of investments and all matters and things done in connection with the administration. The counter-claimant is estopped from questioning the acts of this defendant and is guilty of laches."

An infant is not estopped by the conduct of a natural guardian. It is possible for an accountant in the Court of Chancery to secure the appointment of a guardian *ad litem* for an infant beneficiary of a trust, and the acts of such guardian *ad litem,* when full disclosure is made, are binding upon the infant defendant.

Complaint is made that the court struck paragraph twelve of the defendant's answer. Paragraph twelve is as follows: "The interest of the defendant counter-claimant John Duff Brown, formerly John Duff Guter, is embraced within and identical with the interest and right of the complainant, Stella D. Brown, formerly Stella D. Guter, in the aforesaid proceedings in the Orphans Court."

Clearly this action was right. The interest of the infant was not identical with that of the complainant. He not only sought to surcharge her with neglect as executrix, but she might be barred by an estoppel in her action against the defendant which would in no way lessen his rights to complain against the defendant.

The order of the Court of Chancery appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.